UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEREK BABIN**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO.  05-1907**

**GENERAL MOTORS**                                     **SECTION "S" (4)**
**CORPORATION**

### ORDER AND REASONS

**IT IS ORDERED** that defendant General Motors Corporation's Motion for Summary Judgment (Document 23) is **GRANTED**.

**A.     Background.**

On February 8, 2005, plaintiff Derek Babin was involved in a one car accident when the 1998 Pontiac Grand Am he was driving struck the left guardrail of Interstate 10, rotated, and struck the right guardrail.  Babin alleges that the cause of the accident was the failure of the right rear axle, which separated from the vehicle along with the right rear wheel and caused him to lose control.[1]

The vehicle was purchased new by Babin's father on May 2, 1998, and was donated to Babin on November 17, 2004.  Babin has submitted an affidavit attesting that the only damage to

---

[1]     Petition for Damages at ¶ 4.

the vehicle prior to his accident occurred in 2000 or 2001, when its right side passenger door was damaged in an automobile accident. He also attests that prior to the incident, "he is unaware of any damage to the axle of the vehicle," and he "had not had any repair or service performed on the axle of the vehicle." At the time of the accident, the seven year old vehicle had traveled over 112,000 miles.

Plaintiff has sued General Motors Corporation, the vehicle's manufacturer, alleging that it is liable under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq.* General Motors has moved for summary judgment, arguing that there is no evidence that the vehicle was unreasonably dangerous.

**B.     Analysis.**

    **1.     Summary judgment standards.**

Rule 56 provides that summary judgment "shall be rendered forthwith" if the pleadings and evidence demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Supreme Court has held that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to prevent summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The inferences the court may draw from the underlying facts in the affidavits, depositions, and exhibits "must be viewed in the light most favorable to the party opposing the motion." *McAvey v. Lee*, 260 F.3d 359, 363 (5th Cir. 2001) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L.Ed.2d 176 (1962)).

### 2. The Louisiana Products Liability Act.

The Louisiana Products Liability Act (LPLA) establishes "the exclusive theories of liability for manufacturers for damages caused by their products." LSA-R.S. 9:2800.52. Under the LPLA, a manufacturer is liable for damages proximately caused by a product characteristic that renders it "unreasonably dangerous," and a plaintiff may prove that a product was unreasonably dangerous by relying on four theories: (1) that the product was unreasonably dangerous in its construction or composition, (2) that the product was unreasonably dangerous in design, (3) that the product was unreasonably dangerous because of an inadequate warning, or (4) that it was unreasonably dangerous because of nonconformity to an express warranty. *Id.* at 2800.54 B. Although the Petition for Damages includes all possible theories of recovery under the LPLA, plaintiff does not present any evidence supporting his allegations of inadequate warning or nonconformity to an express warranty, and argues only that the vehicle was unreasonably dangerous in design and/or construction.

### 1. Design defect.

A product is unreasonably dangerous in design if, at the time it left the manufacturer's control, (1) there existed an alternative design that was capable of preventing the plaintiff's damage, and (2) the likelihood that the product's design would cause plaintiff's damage and the gravity of the damage outweighed the burden on the manufacturer of adopting the alternative design and any adverse effect on the product's utility. LSA-R.S. 9:2800.56. Babin presents no evidence of the design of the axle, whether there were alternative designs available, or any evidence relating to the design defect balancing test. Summary judgment is granted on this claim.

## 2. Construction defect.

A product is unreasonably dangerous in construction "if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." LSA-R.S. 9:2800.55.  Babin admits he has no direct evidence that the axle was defectively constructed, and relies solely on the doctrine of *res ipsa loquitur*.

> Under Louisiana law, *res ips loquitur* is a rule of circumstantial evidence:
>
> The principle of *res ipsa loquitur* is a rule of circumstantial evidence that infers negligence[2] on the part of defendants because the facts of the case indicated that the negligence of the defendants is the probable cause of the accident, in the absence of other equally probable explanations offered by credible witnesses.  This doctrine allows an inference of negligence to arise from the common experience of the factfinder that such accidents normally do not occur in the absence of negligence.

*Cangelosi v. Our Lady of the Lake Regional Medical Center*, 564 So. 2d 654, 660 (La. 1989).  The doctrine does not apply "if an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that it was due to his negligence." *Id.*  A plaintiff must therefore "sufficiently exclude the inference of his own responsibility or the responsibility of others besides the defendant in causing the accident." *Certain Underwriters at Lloyd's, London v. Wallace*, 882 So. 2d 1173, 1178 (La. App. 4th Cir.), *writ denied*, 888 So. 2d 822 (La. 2004).  The doctrine "should be applied sparingly and only in exceptional cases where the demands of justice make the application essential." *Crenshaw v. Bayou Land and Marine Contractors, Inc.*, 868 So. 2d 933, 940 (La. App. 5th Cir. 2004).

---

[2] *Res ipsa loquitur* applies to product liability cases. *State Farm Mut. Auto. Ins. Co. v. Wrap-on Co., Inc.*, 626 So. 2d 874, 877 (La. App. 3d Cir. 1993), *writ denied*, 630 So. 2d 800 (La. 1994).

The court finds that *res ipsa loquitur* does not apply to this case. The failure of a rear wheel axle on a seven year old car that has been driven over 112,000 miles does not infer that the axle was defectively constructed, and the inference that the axle failed because of a cause other than a construction defect may be drawn just as reasonably. Plaintiff presents no evidence regarding the appropriate lifespan of the components of a car's axle system, no evidence specific to the axle system of the General Motors vehicle he was driving, and no expert testimony about the axle or its role in his accident. Plaintiff has not sufficiently excluded the inference that the axle may have failed because of some cause other than a construction defect. Because plaintiff relies solely on *res ipsa loquitur* and has no direct evidence that the axle system was defectively constructed, defendant's motion for summary judgment is granted.

**C.     Conclusion.**

General Motors Corporation's Motion for Summary Judgment is granted.

New Orleans, Louisiana this  23rd day of January, 2006.

_____
**Mary Ann Vial Lemmon
United States District Judge**